IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL JON STEELE,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:20-CV-960-P<br>(Consolidated with No. 4:20-CV-1002-P) |
| PARDON OF PAROLE, et al.,<br>　　Respondent. | §<br>§<br>§ | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Jon Steele, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against "Pardon of Parole," et al., Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied for failure to state a claim for relief.

**I. BACKGROUND**

Petitioner is serving a 60-year sentence in TDCJ for his 1990 Dallas County conviction in Case No. F90-42620-Q for unauthorized use of a vehicle. SHR03[1] 20, ECF No. 18-3. Petitioner filed the instant petition while confined in the Tarrant County jail for a parole violation. Petitioner was subsequently transferred to an intermediate sanction facility (ISF) of TDCJ following a parole revocation hearing. Pet'r's Notice, ECF No. 13. On this date,

---

[1] "SHR03" refers to the record of Petitioner's state habeas proceeding in WR-23,945-03.

there is no inmate currently confined in TDCJ under Petitioner's name and prisoner identification number and the Court's most recent mailing to Petitioner was returned indicating "Return to Sender/Refused/Unable to Forward" (ECF No. 29).

## II. ISSUES

Petitioner claims he is being held in violation of his constitutional rights because he did not reside at the Dallas Transitional Center through fear of his life from John Kelly, the director of the center. He seeks to be "free" from the Texas Bureau of Prisons and Parole (BOP) and monetary damages for lost personal property (clothes and "meds") and lost wages.

## III. DISCUSSION

Under 28 U.S.C. § 2254, a federal court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petitioner must allege that he has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984). If a petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief. *Id.*

A parolee has no constitutional right to reside or be housed at any particular facility. *See Bocanegra v. Bell,* 482 F. App'x 907, 908 (5th Cir. 2012). Therefore, to the extent Petitioner complains of the parole requirement that he reside at the Dallas Transitional

Center, he fails to state a claim for relief. Nor does Petitioner allege, much less demonstrate, that the parole proceedings were, or his current confinement in an ISF is, violative of his rights under the federal constitution. Additionally, habeas-corpus is not an available or appropriate federal remedy for monetary relief. *See Preiser v. Rodriguez,* 411 U.S. 475, 494 (5th Cir. 1973). Therefore, to the extent he seeks release from TDCJ or supervised release by the BOP and monetary damages, he fails to state a claim for relief.

## IV. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is DENIED.

**SO ORDERED** on this 26th day of March, 2021.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE